1              MDR

2  WO

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                 FOR THE DISTRICT OF ARIZONA

8

9  Donald Douglas Smith,                    No.    CV-24-08174-PCT-JAT (MTM)

10              Plaintiff,

11  v.                                       **ORDER**

12  Arizona Department of Corrections, et
    al.,
13

14              Defendants.

15

16         Self-represented Plaintiff Donald Douglas Smith, who is confined in the Pinal

17  County Adult Detention Center, filed a civil rights Complaint pursuant to 42 U.S.C.

18  § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis.  After the Court denied

19  the deficient Application to Proceed and gave Plaintiff an opportunity to either pay the

20  filing and administrative fees or file a complete Application to Proceed In Forma Pauperis,

21  Plaintiff filed a second Application to Proceed In Forma Pauperis (Doc. 7).  The Court will

22  grant the second Application to Proceed and will dismiss the Complaint and this action.

23  **I.      Second Application to Proceed In Forma Pauperis and Filing Fee**

24         The Court will grant Plaintiff's second Application to Proceed In Forma Pauperis.

25  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C.

26  § 1915(b)(1).  The Court will assess an initial partial filing fee of $16.00.  The remainder

27  of the fee will be collected monthly in payments of 20% of the previous month's income

28  credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.

1    28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate

2    government agency to collect and forward the fees according to the statutory formula.

3    **II.      Statutory Screening of Prisoner Complaints**

4         The Court is required to screen complaints brought by prisoners seeking relief

5    against a governmental entity or an officer or an employee of a governmental entity.  28

6    U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

7    has raised claims that are legally frivolous or malicious, fail to state a claim upon which

8    relief may be granted, or seek monetary relief from a defendant who is immune from such

9    relief.  28 U.S.C. § 1915A(b)(1)–(2).

10        A pleading must contain a "short and plain statement of the claim *showing* that the

11   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

12   not demand detailed factual allegations, "it demands more than an unadorned, the-

13   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

14   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

15   conclusory statements, do not suffice."  *Id.*

16        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

17   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

18   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

19   that allows the court to draw the reasonable inference that the defendant is liable for the

20   misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for

21   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

22   experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual

23   allegations may be consistent with a constitutional claim, a court must assess whether there

24   are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

25        But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

26   must "continue to construe [self-represented litigant's] filings liberally."  *Hebbe v. Pliler*,

27   627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a self-represented prisoner]

28

1    'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.*

2    (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

3    If the Court determines that a pleading could be cured by the allegation of other

4    facts, a self-represented litigant is entitled to an opportunity to amend a complaint before

5    dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en

6    banc). The Court will dismiss Plaintiff's Complaint for failure to state a claim and because

7    it is frivolous, without leave to amend because the defects cannot be corrected.

8    **III.    Complaint**

9    In his one-count Complaint, Plaintiff names as Defendants the Arizona Department

10   of Corrections, Rehabilitation & Reentry (ADC) and "Unknown Officers." Plaintiff

11   alleges he was subjected to cruel and unusual punishment while in Defendant ADC's

12   custody because he "had a device installed in [his] head without [his] knowledge by the

13   authorities," "without [his] permission or consent." He claims the surgery occurred in

14   2019, but he "only recently found out about it in February 2024 by an FBI investigation."

15   He claims he has been lied to and is "scarred, disfigured, traumatized and disabled for life."

16   Plaintiff seeks monetary damages and an investigation by the Department of Justice.[1]

17   **IV.    Dismissal**

18   First, the Arizona Department of Corrections, Rehabilitation & Reentry is not a

19   proper Defendant. Under the Eleventh Amendment to the Constitution of the United

20   States, a state or state agency may not be sued in federal court without its consent.

21   *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880

22   F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person' for purposes of

23   section 1983. Likewise 'arms of the State' such as the Arizona Department of Corrections

24   are not 'persons' under section 1983." *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320,

25   1327 (9th Cir. 1991) (citation omitted). Therefore, the Court will dismiss Defendant ADC.

26   _____

27   [1] The Court does not have the authority to compel the Department of Justice to
investigate. *See Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982) (affirming denial of

28   request for a writ of mandamus to compel the FBI to investigate plaintiff's charges of
criminal violations of his civil rights because "[i]nitiation of a criminal investigation by the
F.B.I. is clearly a discretionary act.").

1    Second, Plaintiff has simply made vague and conclusory allegations against a group
2    of individuals—"the authorities"—without any factual specificity as to what any particular
3    individual did or failed to do.  This is insufficient.  *See Marcilis v. Twp. of Redford*, 693
4    F.3d 589, 596 (6th Cir. 2012) (upholding dismissal of complaint that referred to all
5    defendants "generally and categorically" because the plaintiff had failed to "'allege, with
6    particularity, facts that demonstrate what *each* defendant did to violate the asserted
7    constitutional right.'" (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)));
8    *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use
9    of either the collective term 'Defendants' or a list of the defendants named individually but
10   with no distinction as to what acts are attributable to whom, it is impossible for any of these
11   individuals to ascertain what particular unconstitutional acts they are alleged to have
12   committed.").  Thus, the Court will dismiss Defendant Unknown Officers.

13   Finally, pursuant to 28 U.S.C. § 1915A(b)(1), the Court must dismiss an in forma
14   pauperis action if the Court determines the action or complaint is "frivolous."  When
15   evaluating claims under this standard, the Court "is not bound, as it usually is when making
16   a determination based solely on the pleadings, to accept without question the truth of the
17   plaintiff's allegations."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "[A] court may
18   dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a
19   category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"  *Id*. at
20   32-33 (citations omitted).  "[A] finding of factual frivolousness is appropriate when the
21   facts alleged rise to the level of the irrational or the wholly incredible."  *Id*. at 33.

22   The Court finds Plaintiff's claim factually frivolous.  Alternatively, the Court,
23   drawing on its judicial experience and common sense, finds Plaintiff's allegations
24   implausible, *see Iqbal*, 556 U.S. at 678, and incredible on their face.

25   Accordingly, the Court will dismiss the Complaint and this action.

26   **IT IS ORDERED:**

27   (1)    Plaintiff's second Application to Proceed In Forma Pauperis (Doc. 7) is
28   **granted**.

1       (2)    As required by the accompanying Order to the appropriate government

2   agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee

3   of $16.00.

4       (3)    The Complaint (Doc. 1) is **dismissed** for failure to state a claim and as

5   frivolous pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment

6   accordingly.

7       (4)    The Clerk of Court must make an entry on the docket stating that the

8   dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

9       (5)    The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3)

10  and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal

11  of this decision would be taken in good faith and certifies that an appeal would not be taken

12  in good faith for the reasons stated in the Order and because there is no arguable factual or

13  legal basis for an appeal.

14      Dated this 6th day of March, 2025.

15

16

17  _____

18  James A. Teilborg
    Senior United States District Judge

19

20

21

22

23

24

25

26

27

28